**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **CHERIE WILLIAMS, Individually, and as** | § | |
| **Independent Executrix of the Estate of** | § | |
| **JONATHAN GREGG WILLIAMS, Deceased,** | § | |
| **CANDICE CHADWICK and** | § | |
| **CLAYTON WILLIAMS,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION** |
| **VS.** | § | **NO. 2-08CV-241-J** |
| | § | |
| **SOUTHERN REFRIGERATED** | § | |
| **TRANSPORT, INC., and** | § | |
| **ROBERT G. PAQUETTE,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL MEDIATION WITH PROPER PARTIES PRESENT
AND TO DISCLOSE ALL AVAILABLE INSURANCE POLICIES**

Defendants respond to Plaintiffs' Motion to Compel Mediation with Proper Parties Present and to Disclose All Available Insurance Policies as follows:

**A. FACTUAL BACKGROUND**

This civil suit is a death claim between a truck driver (Jonathan Gregg Williams, deceased) and his family against another truck driver, Robert G. Paquette, and his employer, Southern Refrigerated Transport, Inc. The accident was a result of Jonathan Gregg Williams, deceased, (while driving for Affiliated Foods, Inc.) running into the trailer of Paquette after it had overturned in the early morning hours of November 20, 2008. The collision between Williams and Defendant's trailer resulted in the death of Jonathan Gregg Williams. This Court Ordered Non-Binding Mediation pursuant to its Order of May 27, 2009. In accordance with the Court's Order "in addition to counsel attending in person, at least one person with **final** settlement authority for each party must attend in person." The mediation was held July 13, 2009 with mediator, John Simpson, at the offices of Josh Woodburn in Amarillo, Texas. In attendance at the beginning were all individual Plaintiffs, Defendants' representatives, Defendants' counsel, but no counsel for Plaintiffs until approximately one hour later. The mediation began, but had

another unusual twist when Plaintiffs' counsel disappeared without notice to anyone and could not be located, *see Exhibit "C" - Affidavit of Billy R. Wolfe.* The mediation was unsuccessful not due to any fault of Defendants as all persons were present necessary to successfully settle this matter and at least one person for each party with **final** settlement authority was present on behalf of Defendants.

## B. ARGUMENT AND AUTHORITY

Plaintiffs' Motion is without merit, frivolous and boarders on a violation of Rule 11 of the Federal Rules of Civil Procedure. Defendants, in good faith, attended in person the July 13, 2009 mediation with their counsel and had "at least one person with **final** settlement authority for each party" present pursuant to 28 U.S.C. §473(c) and this Court's Order to Non-Binding Mediation filed May 27, 2009. Plaintiffs' Motion has no basis in fact, *see Exhibit "B"* (Affidavit of Richard P. Reinoehl), *Exhibit "A"* (Affidavit of Robert G. Paquette), *and Exhibit "C"* (Affidavit of Billy R. Wolfe). Further, there is no requirement that a party attend, only as stated above, "at least one person with **final** settlement authority for each party."

Plaintiffs' Motion to Compel also fails procedurally, pursuant to Rule 37(a)(1) and Local Rule 7.1(a) and LR 7.1(b) as there was no conference nor any attempt to confer as is certified by Plaintiffs' counsel concerning the filing of their Motion.

Plaintiffs' Motion to Compel Disclosures of All Available Insurance Policies is untimely and without merit in that Rule 26(d) of the Federal Rules of Civil Procedure and this Court's Original Rule 16 Scheduling Order requires a Rule 26(f) Conference, which as of this date has not been conducted, although attempted by Defendants' counsel numerous times. Therefore all discovery in this matter is prohibited, see Defendants' Objections to Plaintiffs' Interrogatories and Request for Production attached as *Exhibit "D"*. Further, as stated above there has been no "good faith" effort to avoid court intervention pursuant to Rule 37(a)(1) Federal Rules of Civil Procedure and Local Rule 7.1(a) and (b).

Plaintiffs' request that a second mediation take place at Defendants' cost is again without merit based upon the conduct of Plaintiffs' counsel, David Duncan, *see* Affidavits of Richard P. Reinoehl and

Billy R. Wolfe attached as *Exhibits "B" and "C",* as the July 13, 2009 mediation was conducted in good faith by Defendants and failed as the result of David Duncan's actions and not the result of Defendants' actions.

## CONCLUSION

Plaintiffs' Motion to Compel a Second Mediation is without merit. Defendants complied with the Court's Order for Non-Binding Mediation and had all required persons (and more) present to mediate in good faith.  The actions of Plaintiffs' counsel ambushed the mediation held on July 13, 2009, not any act by Defendants.

Plaintiffs' Motion to Compel Discovery is improper and untimely pursuant to Rule 26(d) and this Court's Original Rule 16 Scheduling Order, both of which require a Rule 26(f) Conference which has not been conducted in this matter. Plaintiffs have failed to comply with Rule 37(a)(1) Federal Rule of Civil Procedure and Local Rule 7.1(a) and (b).

## PRAYER

Defendants request that Plaintiffs' Motion be denied in all respects and pursuant to Rule 37(5)(b) Defendants be awarded its expense and reasonable attorney fees in responding to Plaintiffs' Motion to Compel.  Defendants agree and request Plaintiffs be ordered to mediate a second time with all necessary persons present and counsel for all parties fully engaged in the process, with the costs to be equally divided between the parties.

Respectfully submitted,

WOLFE & ASSOCIATES
P.O. Box 2742
Lubbock, Texas  79408-2742
Telephone: 806/749-3727
Telecopier: 806/749-3668


_____/s/_____
Billy R. Wolfe
State Bar No. 21855900

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I do herby certify that a true and correct copy of the forgoing document has been forwarded to all counsel of record *via electronic submission* on this 27th day of July, 2009 as follows:

**David Duncan**
**Attorney at Law**
**P.O. Box 53058**
**Amarillo, Texas 79159-3058**

_____/s/_____
Billy R. Wolfe