

**FILED**
**AUGUST 31, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHERIE WILLIAMS, Individually and as Independent Executrix of the Estate of JONATHAN GREGG WILLIAMS, CANDICE CHADWICK, CLAYTON WILLIAMS, and NANCY WILLIAMS, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| SOUTHERN REFRIGERATED TRANSPORT, INC, and ROBERT G PAQUETTE, | § § § § | |
| Defendants, | § § | NO. 2:08-CV-241-J |
| and | § § | |
| HAPPY STATE BANK, | § § § | |
| Intervenor, | § § | |
| and | § § § | |
| JOSHUA R. WOODBURN, | § § § | |
| Intervenor. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Intervenor Happy State Bank's *Motion to Intervene* and Intervenor Joshua R. Woodburn's *Motion to Intervene*. These motions are GRANTED.

The intervention provision of F.R.C.P. 24(a)(2) "requires three things: (1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a

practical matter impede protection of the interest, and (3) inadequacy of representation of the interest by existing parties." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The court finds that both Happy State Bank and Joshua R. Woodburn have asserted an interest in the subject matter of the action, that there is a possibility that the disposition of the action may as a practical matter impede protection of their interests, and that the rights of both Happy State Bank and Joshua R. Woodburn are not adequately protected by the existing parties to the main action.

As well, before the Court is Plaintiffs' Counsel David N. Duncan's motion denominated as "Emergency Order Vacating the Court's Motion for Defendant to Pay David Duncan's Attorney Fees into the Registry of the Court," which the Court construes as an Emergency Motion for Hearing to Vacate the Court's Order for Defendant to Pay David Duncan's Attorney Fees into the Registry of the Court. This motion is DENIED.

After considering the arguments of counsel and the evidence submitted, the Court concludes that Intervenors have met their burden of proving a substantial threat of irreparable injury for which there is no adequate remedy at law unless the Court enters its order for limited relief, that the threatened injury to the movants outweighs any damage this order might cause to Plaintiffs or their counsel, that there exists a substantial likelihood of Intervenors' success on the merits, and that issuing the following order would best serve the public interest.

All parties have agreed to the following:

The underlying cause of action has been settled and execution of the settlement documents is pending. The settlement amount agreed upon equals $950,000.

$100,000 of the settlement is to be held in trust by John Simpson of the law firm Splawn, Simpson and Pitts, the mediator involved in the underlying cause of action. This money is held

in trust pending negotiations between Plaintiffs' Counsel David N. Duncan and Panhandle Transportation Company and/or Affiliated Foods regarding a subrogation agreement.

Forty percent (40%) of the settlement constitutes a contingency fee payable to Plaintiffs' Counsel David Duncan. David Duncan has incurred expenses of $5,087.50. He testified as follows:

> **The Court**: You had a 40-percent contingent fee. And were you also supposed to be paid the expenses?
>
> **Mr. Duncan**: Yes, Your Honor. However, I'm taking that - - that part out of my attorney fee.
>
> **The Court**: In other words, there's - - it's not 40-percent plus expenses.
>
> **Mr. Duncan**: No, Your Honor.

Joshua R. Woodburn is entitled to a one-third (1/3) referral fee out of the contingency attorney fee. In this connection, David Duncan testified as follows:

> **The Court**: Well, I'm talking about in determining Mr. Woodburn's one-third, do you take - - do you take the expenses out of the 40-percent, and then he gets a third of what's left, or - -
>
> **Mr. Duncan**: Yes, Your Honor.
>
> **The Court**: - - does he get a third of the 40-percent?
>
> **Mr. Duncan**: A third after I deduct expenses.
>
> **The Court**: A third after the expenses. Now, is that Mr. Woodburn's understanding?

**Mr. Hancock**:  Your Honor, we're comfortable with that provision.  That may not have been our initial understanding, but we're more than happy to do that.

The Court orders that, after satisfactory execution of all settlement documents, the entire contingency fee be paid into the registry of the court.  Upon payment into the registry of court, the court will order appropriate disbursement to Joshua R. Woodburn.  If the settlement of the underlying cause of action fails to proceed or if different amounts are agreed to, the parties may return to court for further disposition of these matters.

IT IS SO ORDERED.

Signed this 31st day of August, 2009.

**/s/ Mary Lou Robinson**
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE